IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALBERTO JOSE RAMIREZ,

    Petitioner,

v.

                                                                 No. 23-cv-1075-MV-DLM

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Alberto Jose Ramirez's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. 2.) Also before the Court are his Motion to Appoint Counsel (Doc. 4), Motion to Expand the Record (Doc. 5), Motion for an Evidentiary Hearing (Doc. 6), Motion to Remand (Doc. 7), and Motion to Extend the filing fee deadline (Doc. 10). Ramirez challenges his 2014 convictions for first degree murder and tampering with evidence based on, *inter alia*, ineffective assistance of counsel and actual innocence. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Ramirez to show cause why his Petition should not be dismissed as untimely and allow him to expand on his actual innocence claim.

### I.  Procedural Background[1]

In 2013, a jury found Ramirez guilty of first-degree murder and two counts of tampering

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Ramirez's state court criminal dockets, Case Nos. D-905-CR-2007-434, S-1-SC-34576, S-1-SC-36599, S-1-SC-37501, S-1-SC-37887, S-1-SC-38539, and S-1-SC-40134. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

with evidence. (*See* Doc. 1 at 1.) *See also* Judgment, Sentence, and Commitment ("Judgment") in D-905-CR-2007-434. The state court sentenced him to life imprisonment plus six years. Judgment in D-905-CR-2007-434. The state court entered its Judgment on January 8, 2014. *Id.*

Ramirez filed a direct appeal to the New Mexico Supreme Court (NMSC), which affirmed the conviction on December 1, 2016. *See* Decision in S-1-SC-34576. Ramirez did not file a petition for a writ of certiorari to the United States Supreme Court, so the judgment became final no later than March 2, 2017, the first business day following the expiration of the 90-day cert period. *Hall v. Ward*, 117 F. App'x 18, 20 (10th Cir. 2004) (recognizing a conviction becomes final after the period for filing a petition for a writ of certiorari in the United States Supreme Court has lapsed).

On March 22, 2017, Ramirez filed the first of several state habeas petitions. The following timeline reflects the state court docket activity between 2017, when the Judgment became final and 2023, when Ramirez filed the Petition presently before the Court.

March 2, 2017: The Judgment becomes final.

– **20 days pass** –

March 22, 2017: Ramirez files his first state habeas petition.

May 31, 2017: The trial court denies the first habeas petition.

June 20, 2017: Ramirez files his second state habeas petition.

August 11, 2017: NMSC denies cert. on the first habeas petition.

December 14, 2018: The trial court denies the second habeas petition.

February 5, 2019: NMSC denies cert. on the second petition.

– **139 days pass** –

June 24, 2019: Ramirez files his third state habeas petition.

2

August 12, 2019: The trial court denies the third petition.

September 13, 2019: NMSC denies cert. on the third petition.

– **340 days pass** –

August 18, 2020: Ramirez files his fourth state habeas petition.

October 5, 2020: The trial court denies the fourth habeas petition.

April 27, 2020, NMSC denies the cert. on the fourth habeas petition.

– **609 days pass** –

December 27, 2022: Ramirez files his fifth state habeas petition.

February 10, 2022: The trial court denies the fifth petition.

March 15, 2022: Ramirez does not seek certiorari review, and the order becomes final the first business day after the 30-day cert. period.

– **113 days pass** –

July 6, 2023: Ramirez files his sixth state habeas petition.

August 28, 2023: The trial court denies the sixth habeas petition.

November 20, 2023: NMSC denies cert. on sixth habeas petition.

– **14 days pass** –

December 4, 2023: Ramirez files the present § 2254 Petition.

In the § 2254 Petition before this Court, Ramirez argues: (1) his right to effective assistance of counsel was violated at trial and on appeal; (2) the trial court made erroneous evidentiary rulings; (3) prosecutorial misconduct deprived him of a fair trial; (4) he is actually innocent based on a theory of self-defense.

Ramirez also filed a Motion to Appoint Counsel (Doc. 4), a Motion to Expand the Record (Doc. 5), a Motion for an Evidentiary Hearing (Doc. 6), a Motion to Remand, seeking a new trial

(Doc. 7), and Motion to Extend the filing fee deadline (Doc. 10). Ramirez paid the $5 filing fee, and the matter is ready for initial review.

## II. Procedural Motions

As to the Motion to Appoint Counsel (Doc. 4), there is no constitutional right to such relief in a habeas proceeding. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Unless and until an evidentiary hearing is held, "[t]he decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). Relevant factors include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). It is questionable whether the Court will reach the merits of Ramirez's claims because it appears that the Petition is time barred. The Petition does not present uncommonly complex claims. From the Petition and the state court dockets, the Court discerns that Ramirez can present his claims capably. The Motion to Appoint Counsel (Doc. 4) will therefore be denied without prejudice.

Ramirez's motions seeking to expand the record (Doc. 5) and seeking an evidentiary hearing (Doc. 6) are premature pending screening of the Petition. These motions shall be denied without prejudice and may be renewed, as appropriate, if the Petition survives screening and proceeds to a merits review. The Motion to Remand (Doc. 7) shall also be denied as premature. The Court has "broad discretion in conditioning a judgment granting habeas relief "as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). If Ramirez's Petition survives screening and proceeds to an adjudication on the merits, Ramirez may renew his request that the Court include an order for retrial if habeas relief is granted. The Motion to Extend the payment

deadline shall be granted, and the filing fee Ramirez submitted on June 10, 2024, shall be deemed timely.

### III. Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1)  While a state habeas petition is pending, § 2244(d)(2);

(2)  Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)  Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)  Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Additionally, equitable tolling may available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, the limitation period applicable to Ramirez's Petition began to run no later than March 2, 2017, the first business day after the 90-day period for filing a petition for a writ of certiorari in the United States Supreme Court expired. *See Hall v. Ward*, 117 F. App'x 18, 20 (10th Cir. 2004) (recognizing a conviction becomes final after the period for filing a petition for a writ of certiorari in the United States Supreme Court has lapsed). Twenty days elapsed before Ramirez filed his first state habeas petition on March 22, 2017, which stopped the clock pursuant to §

5

2244(d)(2). The clock did not resume until February 5, 2019, when the NMSC denied cert. as to the second state habeas petition. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (for purposes of § 2244(d)(2), a state habeas proceeding remains pending until "the State's highest court has issued its mandate or denied review"). "The next day statutory tolling ceased," and the remaining "time for filing a federal habeas petition [345 days][2] resumed . . . ." *See Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling calculations under § 2244). One hundred thirty-nine (139) days elapsed before Ramirez filed his third state habeas petition on June 24, 2019. Again, the clock stopped pending its review. Two hundred six (206) days remained[3] when the clock started running again on September 14, 2019, the day after the NMSC denied cert. on the third habeas petition. The state docket reflects no additional tolling activity during the next 206 days, and the one-year limitation period appears to have expired on April 7, 2020. Any state court habeas petitions filed after that date did not - as Ramirez may believe - restart the clock or otherwise impact the expired limitations period. *See Fisher v. Gibson,* 262 F.3d 1135, 1142–43 (10th Cir. 2001). Accordingly, the § 2254 Petition filed on December 4, 2023, appears to be time-barred. For these reasons, Ramirez must show cause in writing why the Petition should not be dismissed as untimely.

**IV.    Actual Innocence**

[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] . . . expiration of the statute of limitations."

---

[2] The Court arrived at this figure by subtracting the 20 days that elapsed after the judgment became final from the one-year period (*i.e.,* 365 days in a year - 20 days = 345 remaining days).

[3] *I.e.*, 345 remaining days – 139 days = 206 days.

*McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "Th[e] actual innocence exception is rare and will only be applied in the extraordinary case." *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) (quotations omitted). A habeas petitioner must support his actual innocence claim by citing new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner must also "'persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Burke v. Bigelow*, 792 F. App'x 562, 565 (10th Cir. 2019) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).

Ramirez appears to claim that he is actually innocent of the first-degree murder conviction because the killing was in self-defense. This argument pertains to legal innocence, not factual innocence and does not satisfy the actual innocence standard or circumvent the habeas limitation period. *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (holding that a self-defense argument goes to legal as opposed to factual innocence). If Ramirez intends to pursue an actual innocence claim, he should expand upon the claim consistent with the foregoing standards.

V.   **Conclusion**

Ramirez shall have 30 days to file a response showing cause why the Petition should not be dismissed as untimely and/or expanding on his claim of actual innocence if he intends to pursue that theory. The failure to timely respond and overcome the time-bar will result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar . . . may be raised by a court *sua sponte* . . . . [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial

process may be set aside.").

**IT IS ORDERED** that:

(1) The Motion to Appoint Counsel **(Doc. 4)** is **Denied** without prejudice.

(2) The Motion to Expand the Record **(Doc. 5)** is **Denied** without prejudice.

(3) The Motion for an Evidentiary Hearing **(Doc. 6)** is **Denied** without prejudice.

(4) The Motion to Remand **(Doc. 7)** is **Denied** without prejudice.

(5) The Motion to Extend the payment deadline **(Doc. 10)** is **Granted** such that filing fee Ramirez submitted on June 10, 2024, is timely.

**IT IS FURTHER ORDERED** that within 30 days of entry of this Order, Ramirez must file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE