**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ALBERTO JOSE RAMIREZ,

     Petitioner,

v.                                No. 23-cv-1075 MV-DLM

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

     Respondent.

## ORDER APPOINTING COUNSEL

THIS MATTER is before the Court on Petitioner Alberto Jose Ramirez's Motion to Appoint Counsel filed on March 17, 2025. (Doc. 116.) Also before the Court is a Motion for Order (Doc. 112), Emergency Motion for Extension of Time to File Response/Reply (Doc. 113), Motion for Extension of Time to File Response/Reply (Doc. 115), Motion for Order (Doc. 117), Emergency Motions Request (Doc. 118), Motion to Appoint Counsel (Doc. 119), Motion or Request to Correct Error (Doc. 120), and Emergency Motion to Amend/Correct Record (Doc. 121). A brief background of this case is necessary to address Ramirez's Motion to Appoint Counsel and these related motions.

On December 4, 2023, Ramirez filed a Petition under 28 U.S.C. § 2254. (Docs. 1—2.) He challenges his 2014 convictions for first degree murder and tampering with evidence. He also filed several other motions, as well as a motion to appoint counsel. On June 20, 2024, the undersigned denied Ramirez's motions and ordered Ramirez to show cause why the Petition should not be dismissed as untimely and/or expand upon his claim of actual innocence if he intended to pursue

the theory. (Doc. 11.) Over the the next five months, Ramirez filed an Amended Petition (Doc. 21), a Motion to Amend/Correct Petition (Doc. 22), and an Appendix/Supplement of Evidence (Doc. 25). He also submitted 27 motions and 12 letters to the Court.

On November 21, 2024, after reviewing the multiple motions and documents, United States District Judge Martha Vázquez entered an Order to Answer. (Doc. 60.) In that Order, she directed the Respondent Attorney General of the State of New Mexico to answer the Petition and Amended Petition within 30 days and specifically address the potential time-bar, tolling of the limitations period, and the merits of Ramirez's § 2254 claims. (*Id.*) She found as moot all pending motions, but she noted that to the extent any of the issues raised in his motions were relevant to the Respondent's Answer, Ramirez could address them in his reply brief.

After Judge Vázquez entered this Order, Ramirez filed an additional 18 motions and one letter.[1] On December 17, 2024, the undersigned entered an Order denying the majority of the motions as moot but granting Ramirez's request for a copy of his original Petition and his request to have a CD returned to him. (Doc. 90.) The next day, the undersigned entered an Order granting Respondent's request for additional time to file an Answer, allowing Respondent until January 22, 2025. (Doc. 92.) This Order also gave Ramirez 75 days from the date Respondent's Answer was filed for which to file a reply. (*Id.*)

Before Respondent filed the Answer, Ramirez filed an additional six motions. In Ramirez's motions, he continued to make arguments as to the merits of his claims, continued to request additional time to respond (even though his timeframe had not started running), continued to request to expand the record, and continued to assert that he was not receiving documents. In an

---

[1] On December 9, 2024, Judge Vázquez referred this case to the undersigned to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case, pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). (Doc. 86.)

Order dated January 23, 2025, the day after Respondent filed the Answer, the undersigned set forth the timeframe for Ramirez's reply brief (75 days from Respondent's Answer) and the page limits (50 pages on one-sided 8 ½ x 11 paper, and a 100-page limit for exhibits). (Doc. 103.)

Ramirez continued to file additional motions, primarily requesting additional time to file a reply and requests for transcripts. On February 18, 2025, the Court granted Ramirez an extension of time to file his reply and stated that Ramirez's reply was due on May 7, 2025. (Doc. 109.) In addition, the Court denied Ramirez's request for counsel at that time. (*Id.*) The next day, the Court granted an additional "emergency motion" filed by Ramirez in which he sought a copy of Document 31. (Doc. 111.) The Court cautioned Ramirez that it would not send further duplicate copies of any documents. (*Id.*)

Despite sending Ramirez copies of documents that he has requested, and despite informing Ramirez that his reply is due on May 7, 2025, Ramirez has now filed nine additional motions and two letters asking for help. He asks for the appointment of counsel, he continues to ask for additional time to file a reply, and he continues to assert that he does not have documents (or complete documents). In many of the previous motions filed with the Court (approximately 70 of them), Ramirez states that he is uneducated, confused, and mentally impaired or mentally ill. Indeed, in several of his current motions before the Court, he states that he has "severe mental illness; PTSD, schizophrenia, bipolar, hearing voices[,] seeing things, sleep deprivation, [and] not able to function" (Doc. 117 at 1), that he does not understand the Answer because it is complex (Doc. 116 at 1), and that he "was institutionalized and incapacitated" in a mental ward (Doc. 119 at 5).

The record reflects that Ramirez may have filed as many as ten previous state habeas

petitions. The pending § 2254 before this Court appears to be his eighth one.[2] Ramirez's numerous filings have left a convoluted record on timing issues.[3] Furthermore, the record reflects that Ramirez's competency was at issue in his state trial, and he has been placed in mental health wards during various time periods while in prison. (*See* Doc. 32 at 4–8 (New Mexico Corrections Department Petition for Appointment of Treatment Guardian, dated March 14, 2023, and Motion to Extend Guardianship, dated March 19, 2024); Doc. 36 at 8–10 (Order to Extend Appointment of a Treatment Guardian, entered May 31, 2024, in State Case No. D-506-SI-2024-00052).) The record also reflects that he is currently under the Appointment of a Treatment Guardian. (Doc. 36 at 8–10.)

There is no constitutional right to appointment of counsel in a habeas proceeding. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Unless and until an evidentiary hearing is held, "[t]he decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001) (citing *Williams v. Meese*, 926 F.3d 994, 996 (10th Cir. 1991)). Relevant factors include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams*, 926 F.3d at 996.

The Court previously denied without prejudice Ramirez's motions to appoint counsel. Upon review of the record, however, the Court now finds that several factors weigh in favor of the appointment of counsel. Specifically, the Court is concerned with the litigant's ability to present his claims. There are complex timing issues in the case, and Ramirez's repeated filings requesting

---

[2] He frequently dismissed his petitions before the Court considered the merits of his claims. *See* 19cv202 MV/CG, 19cv671 KWR/LF, 21cv731 MIS/KK, 22cv585 DHU/KK, 23-232 KWR/SCY, 23cv381 DHU/SCY, 23cv519 MV/GJF.

[3] Respondent set forth a thorough timeframe in Appendix A, attached to the Answer. Doc. 102 at 50–52.

extensions of time demonstrate that Ramirez is having a difficult time understanding the Court's Orders and the legal issues. Accordingly, the Court grants Ramirez's motion for counsel.

The Court notes that it is appointing counsel for the limited purpose of filing a reply brief to Respondent's Answer. Due to the history and numerous filings to review, Ramirez's counsel's Reply will be due 120 days after the appointment. Furthermore, because the Court appoints Ramirez counsel, all future filings shall be filed by counsel, and Ramirez may not file additional motions, letters, or documents with the Court. *See Bunn v. Perdue*, 966 F.3d 1094, 1098 (10th Cir. 2020) ("When individual parties 'have the assistance of counsel, courts need not consider any filings made pro se.'") (quoting *United States v. Sandoval-De Lao*, 283 F. App'x 621, 625 (10th Cir. 2008)). Finally, the Court may strike any filing submitted by Ramirez that does not comply with this Order. *See id.* (citing *United States v. Wright*, 370 F. App'x 906, 908 (10th Cir. 2010) ("[C]ourts have discretion to accept or deny pro se filings made by represented litigants."); *United States v. Miles*, 572 F.3d 832, 837–38 (10th Cir. 2009) (upholding district court's decision to strike pro se motions because defendant was "represented by counsel").

**IT IS THEREFORE ORDERED** that Ramirez's Motion to Appoint Counsel (Doc. 116) is **granted**. Ramirez's remaining motions (Docs. 112, 113, 115, 117, 118, 119, 120, and 121) are **denied as moot**. The Clerk shall appoint a member of the Criminal Justice Act Panel to represent Ramirez in this matter. Once counsel is appointed, counsel shall have 120 days to file a Reply to Respondent's Answer. Furthermore, Ramirez may not file additional pro se motions, letters, or documents with the Court while he is represented by counsel.

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE