**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ALBERTO JOSE RAMIREZ,

     Petitioner,

v.                                                                                          No. 2:23-CV-1075 MV/DLM

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

     Respondent.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on: (1) Petitioner Alberto Jose Ramirez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, filed December 4, 2023 (Doc. 1); (2) Mr. Ramirez's Amended Petition, filed on July 11, 2024 (Doc. 21); (3) Respondent's Answer (Doc. 102); (4) Mr. Ramirez's Reply (Doc. 139); (5) Magistrate Judge Damian L. Martínez's Proposed Findings and Recommended Disposition (PFRD) (Doc. 148), filed April 21, 2026; and (6) Mr. Ramirez's Objections (Doc. 150). In the PFRD, Judge Martínez recommends dismissing Mr. Ramirez's claims, or alternatively denying Ramirez's claims.

Under 28 U.S.C. § 636(b)(1)(C), the Court conducts a de novo review of any objections to the Magistrate Judge's PFRD. To resolve an objection to the PFRD, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States*

*v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). Issues raised for the first time in an objection to the PFRD are deemed waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Here, Mr. Ramirez filed objections to the PFRD, but those objections simply reiterate the arguments that he made in his Petition and Amended Petition. The Court agrees that it is constrained by the law, as set forth by Judge Martínez in his PFRD, to find both that Mr. Ramirez's Petition is untimely, and that he fails on the merits to show that he is entitled to federal habeas relief. Accordingly, upon review of the law and record, the Court concurs with Judge Martínez's PFRD and finds that Mr. Ramirez presents no valid objections thereto.

**IT IS THEREFORE ORDERED** that:

1.   Mr. Ramirez's Objections to the PFRD (Doc. 150) are **OVERRULED**;

2.   Judge Martínez's Proposed Findings and Recommended Disposition (Doc. 148) is **ADOPTED** as an Order of the Court;

3.   Mr. Ramirez's Petition and Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Docs. 1; 21) are **DISMISSED** because his claims are untimely and because there are no exceptions to the procedural bar;

4.   The Court determines that Mr. Ramirez has failed to make a substantial showing that he has been denied a constitutional right. Therefore, the Court will **DENY** a Certificate of Appealability; and

5.    The Court will enter a Final Judgment concurrently with this Order.

**IT IS SO ORDERED.**

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE

3